# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 05-3647

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT -5 2006

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

4:05 cr 00013

|  |  |  |
|---|---|---|
| United States of America, | * |  |
|  | * |  |
| Appellee, | * |  |
|  | * |  |
| v. | * | Appeal from the United States |
|  | * | District Court for the |
| Elijah A. McDonald, | * | Eastern District of Arkansas. |
|  | * |  |
| Appellant. | * | [UNPUBLISHED] |
|  | * |  |

Submitted: September 6, 2006
Filed: September 11, 2006

Before RILEY, COLLOTON, and GRUENDER, Circuit Judges.

PER CURIAM.

Elijah McDonald pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), and at sentencing the district court[1] applied two Guidelines sentencing enhancements over McDonald's objections. He appeals, arguing that the court erred in applying the enhancements, because the government relied on objected-to facts in the presentence report (PSR) in support of the

---

[1] The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

enhancements and did not present evidence to prove the supporting facts beyond a reasonable doubt. We affirm.

We conclude that McDonald's argument fails. The government must prove enhancement-supporting facts by a preponderance of the evidence, not beyond a reasonable doubt. See United States v. Pirani, 406 F.3d 543, 551 n.4 (8th Cir.) (en banc) (nothing in United States v. Booker, 543 U.S. 220 (2005), suggests sentencing judges are required to find sentence-enhancing facts beyond reasonable doubt under advisory Guidelines; Guidelines prescribe preponderance of evidence standard), cert. denied, 126 S. Ct. 266 (2005). The government met its burden in this case because, although McDonald objected to the enhancements and argued as a general matter that objected-to facts in the presentence report (PSR) could not be used to support the enhancements unless proved by the government, he never raised an objection to any specific supporting fact. Thus, his objections were insufficient to call the enhancement-supporting facts into question, the facts were deemed admitted, and the district court properly relied on them in applying the enhancements. See United States v. Okai, 454 F.3d 848, 852-53 (8th Cir. 2006) (factual allegations in PSR supporting enhancements were deemed admitted where defendant made general constitutional objections to enhancements, but made no objections to specific facts supporting each enhancement; district court erred when it did not adopt those facts because it incorrectly believed them to be in dispute); United States v. Cullen, 432 F.3d 903, 905 (8th Cir. 2006) (where defendant objected to PSR's recommended role enhancement, but did not object to factual allegations contained in PSR or contend that facts as recited did not support enhancement, facts were deemed admitted); United States v. McCully, 407 F.3d 931, 933 (8th Cir.) (Sixth Amendment is not violated when sentence is enhanced based on facts admitted by defendant), cert. denied, 126 S. Ct. 305 (2005).

Accordingly, we affirm.

-2-

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: *Michael E. Gans*